UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY AUSTIN BROWN,<br><br>        Petitioner,<br><br>    v.<br><br>THOMAS L. CAREY,<br><br>        Respondent. | No. CV-06-2815-LRS<br><br>ORDER DENYING PETITIONER'S<br>MOTION FOR RECONSIDERATION |

    BEFORE THE COURT is Petitioner Barry Austin Brown's Motion For Reconsideration, Ct. Rec. 15, filed on May 8, 2009.  On May 6, 2009, the Court issued an order and judgment denying Brown's petition for a writ of habeas corpus. (Ct. Recs. 13, 14.) Two days later, Brown filed a motion for reconsideration of the Court's order under Civil Local Rule 78-230(k). Petitioner, through counsel, moves for reconsideration of the order denying the petition for writ of habeas corpus entered in this matter on May 6, 2009.  Petitioner argues the judgment is flawed because (1) it rests upon a presumption that the Petitioner may today be held to increased punishments that were enacted years after the commission of his offense; (2) it rests upon a holding of the California Supreme Court that that Court has since explicitly overruled, and (3) it fails to identify any evidence set forth by the parole panel suggesting that Petitioner's parole currently poses "an unreasonable risk of danger to public safety," the statutory standard below which parole "shall" be granted which, as the Court noted, provides a liberty interest in parole protected

ORDER - 1

by due process absent such evidence.  Ct. Rec. 15 at 1-2.

Respondent opposes the motion.[1]  Respondent argues that Brown cannot request reconsideration of a judgment and order, and that his request should be considered as a request to alter the judgment. Respondent contends that Brown does meet the standards under Rule 59(e) because he cannot show that the Court's judgment was clearly erroneous or that there was an intervening change in controlling authority. Respondent concludes the Court should deny Brown's request.

In reply to Respondent's opposition, Petitioner argues that the Board, Respondent, and the state courts used the commitment offense as the sole ground for denying parole, and the Board did not set forth a nexus between the facts and current dangerousness. Petitioner argues that under *In re Lawrence*, 44 Cal. 4th 1181 (2008) and the some evidence standard of review, the immutable facts of his commitment offense cannot now, after more than three decades of exemplary conduct, serve as the sole basis for precluding his parole. Due process requires, Petitioner argues, that the Board's decision be set aside.  (Ct. Rec. 21 at 2).

The Court has considered the parties' briefing on this matter.

---

[1] Respondent preserves the argument that the Court did not err in denying Brown federal habeas relief because Brown does not have a federally protected liberty interest in parole under either the mandatory language test in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 12 (1979), or the "atypical and significant hardship" test in *Sandin v. Connor*, 515 U.S. 472, 484 (1995).  Respondent, however, acknowledges that in *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006), the Ninth Circuit held that California's parole statute creates a federal liberty interest in parole.

ORDER - 2

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration of a judgment and order. *American Ironworks & Erectors, Inc. v. North American Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Instead, because Brown's request was filed within ten days after the Court's entry of judgment, it should be construed as a motion to alter or amend the judgment under the Federal Rules of Civil Procedure Rule 59(e). *Id*. at 899.

A district court may "alter or amend judgment under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008). Brown does not contend that there is newly discovered evidence. Instead, Brown contends that he is entitled to an altered judgment because the Court committed clear error when it denied his petition, and there was an intervening change in the law.

With respect to Brown's "clear error" and change of law argument, the Court finds it unconvincing. The state court decisions were not contrary to clearly established federal law. The Supreme Court addressing the process due in state parole proceedings, *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 12 (1979), held due process is satisfied when the state provides an inmate an opportunity to be heard and a statement of the reasons for the parole decision. Id. at 16. "The Constitution does not require more." *Id.*

///

ORDER - 3

Brown argues this Court erred because the Court must find some evidence that Brown "currently poses an unreasonable risk of danger to public safety." (Ct. Rec. 15 at 5.) Brown's reliance on the "current risk of danger" standard of review and his citation to state law demonstrates the fundamental flaw with his contention that this Court erred and he is entitled federal habeas relief. The "current risk of danger" standard of review as articulated in recent state court decisions[2] is not clearly established federal law as determined by the United States Supreme Court.

Whether the state courts that adjudicated Brown's claims erred because their decisions do not meet this newly clarified standard of state judicial review does not implicate federal habeas relief. Thus, this Court did not err, as Brown suggests, when it allegedly failed to apply *Lawrence* to his claims.  Brown has not argued that federal controlling authority has changed. The state court decision upholding the Board's denial of parole was consistent with clearly established federal law.

Accordingly,

**IT IS HEREBY ORDERED**:

1.  Petitioner Barry Austin Brown's Motion For Reconsideration, **Ct. Rec. 15**, filed on May 8, 2009, is **DENIED**.

///

---

[2] *In re Lawrence*, 44 Cal. 4th 1181, 1212 (2008) (relevant inquiry is whether some evidence supports the decision that "the inmate constitutes a current threat to public safety") and *In re Shaputis*, 44 Cal. 4th 1241, 1254 (2008)("the proper articulation of the standard of review is whether there exists 'some evidence' that an inmate poses a current threat to public safety").

ORDER - 4

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and furnish copies to counsel.

**DATED** this   3rd   day of August, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief U. S. District Court Judge

ORDER - 5